**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 12 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL L. TAYLOR, DILAWAR KHAN, VOLENA GLOVER-HALE AND MANUEL MONTOYA, on behalf of themselves and other persons similarly situated,<br><br>          Plaintiffs - Appellants,<br><br>   v.<br><br>AUTOZONE, INC. AND AUTOZONERS, LLC,<br><br>          Defendants - Appellees. | No. 12-15378<br><br>D.C. Nos. 3:10-cv-08125-FJM & 3:10-cv-01828-PHX-FJM (consolidated cases)<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Argued and Submitted November 8, 2013
San Francisco, California

Before: NOONAN and WATFORD, Circuit Judges, and LYNN, District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Barbara M. G. Lynn, District Judge for the U.S. District Court for the Northern District of Texas, sitting by designation.

Michael L. Taylor, Dilawar Khan, Volena Glover-Hale, and Manuel Montoya (collectively "Appellants"), on behalf of themselves and other persons similarly situated, appeal the district court's grant of summary judgment in favor of Appellants' former employer, AutoZoners, LLC, and its parent company, AutoZone, Inc. (collectively "AutoZone", or "Appellees"), on Appellants' claim that AutoZone's store managers ("SMs") were improperly classified as "bona fide executives", thereby exempting them from the overtime provisions of the Fair Labor Standards Act (the "FLSA"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's grant of summary judgment de novo. *Christopher v. SmithKline Beecham Corp.*, 635 F.3d 383, 389 (9th Cir. 2011) *aff'd*, 132 S. Ct. 2156, 183 L. Ed. 2d 153 (2012). Having done so, we reverse the ruling of the lower court, and remand for further determination.

To qualify under the "bona fide executive" exemption to the FLSA, an employee's "primary duty" must be performing exempt activities–*i.e.*, activities related to the "management of the enterprise . . . or of a customarily recognized department or subdivision thereof . . . ." 29 C.F.R. § 541.100(a)(2). As the district court noted, AutoZone does not dispute that the SMs spend less than fifty percent of their time performing exempt work. However, the SMs might nevertheless be primarily involved in management activities if other pertinent factors support such

a conclusion, such as: (1) the relative importance of SMs' managerial duties as compared with other types of duties; (2) whether the SMs have relative freedom from supervision; and (3) the relationship between the SMs' salaries and the wages paid to other employees for the same kind of non-managerial work performed by those employees. 29 C.F.R. § 541.700(a); *Baldwin v. Trailer Inns, Inc.*, 266 F.3d 1104, 1114 (9th Cir. 2001). We find that, in light of conflicting evidence concerning the importance of SMs' management duties as compared to their nonexempt duties, the extent to which SMs are supervised, and the difference in pay between SMs and nonexempt employees, there are genuine issues of material fact as to whether the primary duty of AutoZone SMs is management.

Additionally, to qualify for the executive exemption from the overtime requirements under the FLSA, an employee must have "the authority to hire or fire other employees or [their] suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees [must be] given particular weight." 29 C.F.R. § 541.100(a)(4). We find that, in light of conflicting evidence as to the frequency with which SMs make hiring, firing, and promotion-related recommendations, and the extent to which their supervisors rely upon these recommendations, there are genuine issues of material

fact as to whether such suggestions and recommendations are given particular weight.

Given that factual disputes remain as to whether the primary duty of SMs is management, and whether their employment recommendations are given particular weight, we reverse the ruling of the lower court and remand for further determination of these issues.

**REVERSED AND REMANDED**.